John F. DAILEY, Jr., plaintiff, v. Morris SCHATZ, also known as Murray Schatz, defendant.

No. C. 10757.

United States District Court
E. D. New York.

July 2, 1953.

Jennings & Kenney, New York City, (Joseph C. Kenney, New York City, of counsel), for plaintiff.

Abraham M. Feinstein, Brooklyn, N. Y., for defendant.

BYERS, District Judge.

By notice of motion dated June 9, 1953, served the following day and filed nine days later, the plaintiff seeks to amend the recitals in the opinion filed May 12, 1953 which were stated to be sufficiently explicit factually to render findings unnecessary; however, it was also therein stated: "If the attorneys are of a different view, findings may be noticed for settlement."

None were, but defendant noticed a judgment for settlement on May 20th and by stipulation that was adjourned until May 29th to enable plaintiff to study the opinion and consider appropriate steps in reference thereto; he suggested none, and the defendant's judgment was filed on June 1st in the form proposed.

It is thus apparent that the making of new or different findings could be considered only as an incident to a possible re-settlement of the judgment and amendment thereof to express a different understanding of the case than is stated in the opinion. There is nothing set forth in the motion papers to constrain the Court to depart from the decision already made.

It is quite possible however that the opinion fails to state in so many words, that there was no dispute upon the trial that the fair and reasonable value of the plaintiff's services was $9,000, of which $2,450 had been paid, leaving the sum of $6,550 unpaid.

This memorandum is intended to amplify the opinion in this respect, so that if the Court sitting in review of this decision shall be of the opinion that the second cause of action based upon an implied contract should have prevailed in spite of the plaintiff's failure to establish a cause based upon the express contract set forth in the first cause as pleaded, it will be in the position to direct the entry of judgment for plaintiff in the amount conceded to be the balance unpaid of the fair and reasonable value of the services in question.

Motion denied. Settle order.